IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 05-cv-02300-REB-BNB

ANTHONY F. HERSHEY,

    Plaintiff,

v.

COLLEEN TRUDEN, individually and as the District Attorney for the Ninth Judicial District,

    Defendant.

## ORDER VACATING ORDER OF DISMISSAL

**Blackburn, J.**

On February 8, 2006, the parties filed a **Stipulation for Dismissal of Claims Against the Office of the District Attorney for the Ninth Judicial District** [#18]. On February 9, 2006, the court entered an Order of Dismissal, which purportedly granted the parties' stipulation as understood by the court and dismissed the action without prejudice. However, after additional review of the stipulation, the court concludes that the stipulation sought to dismiss only claims against the Office of the District Attorney for the Ninth Judicial District of the State of Colorado.

The court's initial misunderstanding as to the focus and purview of the stipulation was the result of the parties' anomalous attempt to dismiss claims against a non-party, i.e., the Office of the District Attorney for the Ninth Judicial District. There is only one defendant – Colleen Truden – named in this action. Thus, the parties' two references in their stipulation to ". . . defendant Office of the District Attorney for the

Ninth Judicial District . . . ." are misnomers. Stipulation at 1.

This scenario could and should have been avoided if counsel had complied with the court's practice standard governing partial settlement and dismissal. REB Civ. Practice Standard II.I.1. provides,

> **I. Partial Case Settlement/Dismissal**
> 1. If fewer than all claims, counterclaims, cross-claims, defenses, or parties are resolved by a settlement, then any paper requesting approval of the partial settlement shall specify which claims, counterclaims, cross-claims, defenses, or parties will be resolved by the partial settlement and which will remain.

Compliance with this practice standard would have made clear the parties' intent to effect only a dismissal of some of plaintiff's claims against defendant. Thus, this order is entered to vacate the extant order of dismissal, reinstate the case, and require the parties to comply with the court's practice standards.

**THEREFORE, IT IS ORDERED** as follows:

1. That this order supplants and supersedes the Order of Dismissal [#19], which **IS VACATED**;

2. That this action **IS REOPENED AND REINSTATED**; and

3. That the parties **SHALL REFILE** their proposed stipulation in a manner that complies with REB Civ. Practice Standard II.I.1.

Dated February 9, 2006, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
**Robert E. Blackburn**
**United States District Judge**

Case 1:05-cv-02300-REB-BNB   Filed 02/09/2006   Page 3 of 3